Raymond M. Deeny (005062)
Stephanie J. Quincy (014009)
SHERMAN & HOWARD L.L.C.
1850 North Central Avenue, Suite 500
Phoenix, Arizona 85004
Telephone: (602) 636-2000
Facsimile: (602) 234-7979

Attorneys for Defendant *Bashas' Inc.*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Willis,<br><br>    Plaintiff,<br><br>vs.<br><br>Bashas', Inc.<br><br>    Defendant,<br><br>Navajo Nation,<br><br>    Rule 19 Defendant. | Case No. 04-CV-2113 NVW<br><br>**ANSWER OF DEFENDANT BASHAS', INC.** |

Defendant Bashas' Inc. ("Defendant") for its separate answer to Plaintiff's Amended Complaint, admits, denies and alleges as follows:

### NATURE OF THE ACTION

Defendant admits that this action alleges violations of the statutes so stated in the first paragraph of the Complaint but denies that any legal wrong was done to Plaintiff.

### JURISDICTION AND VENUE

1.   Defendant denies the allegations contained in the Paragraph 3 of the Complaint except to admit that Bashas' is an Arizona corporation engaged in the grocery business and that the allegations contained in the Complaint are alleged to have occurred in Pinon, Arizona.

2.    Defendant denies the allegations contained in Paragraph 2 of the Complaint except to admit that the allegations contained in the Complaint are alleged to have occurred in Pinon, Arizona.

3.    Defendant denies the allegations contained in Paragraph 3 of the Complaint.

## PARTIES

4.    Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 4 of the Complaint and therefore denies same.

5.    Defendant admits the allegations contained in Paragraph 5 of the Complaint and therefore denies same

6.    Defendant admits the allegations of Paragraph 6 of the Complaint.

7.    Defendant denies the allegations contained in Paragraph 7 of the Complaint except to admit that the Navajo Nation is a party to the lease agreement with Defendant.

## GENERAL ALLEGATIONS

8.    Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 8 of the complaint and therefore denies same.

9.    Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 9 of the Complaint and therefore denies same.

10.   Defendant admits the allegations of Paragraph 10 of the Complaint.

11.   Defendant denies the allegations in Paragraph 11 of the Complaint.

12.   Defendant denies the allegations in Paragraph 12 of the Complaint.

13.   Defendant denies allegations in Paragraph 13 of the Complaint and therefore denies same.

14.   Defendant denies allegations in Paragraph 14 of the Complaint and therefore denies same.

15.   Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 15 of the Complaint and therefore denies same.

16. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of the Complaint and therefore denies same.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 18 and therefore denies same.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

## FIRST CLAIM FOR RELIEF

### (Title VII Discrimination based on Race)

21. Defendant hereby reasserts all allegations set forth in Paragraphs 1-20 above.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits the allegations contained in Paragraph 23 of the Complaint.

24. Defendant admits the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

## SECOND CLAIM FOR RELIEF

### (State Claim for Emotional Distress)

27. Defendant restates and incorporates by this reference all preceding paragraphs.

28. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

30. Defendant denies that Plaintiff is entitled to the damages requested or to any damages at all.

31. Defendant denies all allegations not affirmatively admitted herein.

## SEPARATE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint, and certain counts therein, fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has failed to mitigate any alleged damages.

### THIRD DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statutes of limitations.

### FOURTH DEFENSE

Plaintiff's claims are barred in whole or part by laches.

### FIFTH DEFENSE

Plaintiff's claims are barred in whole or part by estoppel.

### SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part by illegality.

### SEVENTH DEFENSE

As to some or all of the claims asserted, no entitlement to a jury trial exists, including claims to front pay and for equitable relief.

### EIGHTH DEFENSE

Defendant's conduct was done in compliance with law.

### NINTH DEFENSE

Defendant made employment decisions based upon factors other than race.

### TENTH DEFENSE

Plaintiff's claims are non-justiciable.

## ELEVENTH DEFENSE

There is no subject matter jurisdiction on Plaintiff's claims.

Defendant reserves the right to supplement or amend any part of its Answer, including its affirmative and additional defenses, based on completion of discovery in this lawsuit.

WHEREFORE, Defendant prays that Plaintiff take nothing thereby, that Defendant has and recovers its costs of suit incurred herein, that Defendant receive its reasonable attorneys' fees, and for such other and further relief as the Court deems just and proper.

DATED this 13th day of October, 2005.

SHERMAN & HOWARD L.L.C.

By: _____
Raymond M. Deeny
Stephanie J. Quincy
1850 North Central Avenue, Suite 500
Phoenix, Arizona 85012
Attorneys for Defendant Bashas', Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of October, 2005, I electronically transmitted this Answer of Defendant Bashas', Inc. to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Mary Jo O'Neill
C. Emanuel Smith
Lucila G. Rosas
Karen Nutter
Equal Employment Opportunity Commission
Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona  85012-2504
and

5

Marlon E. Branham
Branham Law Offices, P.C.
101 West Main Street
Mesa, Arizona 85201
Attorneys for Plaintiff

COPY mailed to:

Chief Justice Neil V. Wake
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 625
401 West Washington Street, SPC 60
Phoenix, Arizona 85003-2158

By: *Brenda J. Knaphus*