**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jason Willis, a single man, | ) | No. CV 04-2113-PHX-NVW |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Bashas' Inc., an Arizona Corporation; | ) | |
| Navajo Nation, Rule 19 defendant, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant Bashas', Inc., moves to dismiss this action against it for race discrimination in employment based upon the absence of an indispensable party, the Navajo Nation. (Motion to Dismiss, doc. # 21.)

**I.      Nature of the Action and of the Motion to Dismiss**

Plaintiff Jason Willis ("Willis") alleges that Defendant Bashas', Inc. ("Bashas"), "refused to hire Mr. Willis because of his race, African-American." (Second Amended Complaint, doc. # 32 at 1.) Bashas is a state-wide supermarket retailer with stores on the Navajo Reservation. Willis alleges that he applied for open positions for which he was qualified at Bashas' store in Pinon, AZ, and that "no other qualified applicants of Navajo descent . . . had applied for and/or . . . were being considered . . . ." (*Id.* at ¶ 10.) He further alleges that Bashas' "did not have any qualified applicants for the position . . . yet it refused to hire Mr. Willis because he was African-American" and he was told that was the reason.

1   (*Id.* at ¶¶11 and 15.)  When Willis returned to Bashas' later, he was informed that another

2   Bashas' store would hire him if he would marry his girlfriend, who is Navajo.  (*Id.* at ¶ 17.)

3   Willis pleads claims for racial discrimination in employment in violation of Title VII of the

4   Civil Rights Act of 1964, 42 U.S.C. § 2000(e)(2), and for intentional infliction of emotional

5   distress.  (doc. # 21.)

6          Bashas' moves under Rules 12(b)(6), 12(b)(7), and 19 of the Federal Rules of Civil

7   Procedure to dismiss, arguing that the Navajo Nation is a necessary and indispensable party

8   to this action that cannot be joined because of tribal sovereign immunity.  Though Willis has

9   named the Navajo Nation as a "Rule 19 Defendant" in his Second Amended Complaint, he

10  has not served the Nation, and it obviously cannot be sued because of sovereign immunity.

11  *Dawavendewa v. Salt River Project Agricultural Improvement and Power District*, 276 F.3d

12  1150, 1159-61 (9th Cir. 2002).

13         Bashas' lease with the Navajo Nation under which it operates its stores requires

14  employment preference for Navajos, including affirmative recruitment goals and timetables,

15  and compliance with the Navajo Preference in Employment Act, 15 Navajo Nation Code §§

16  601 *et seq.* (2005).

17  **II.   Analysis**

18         It is settled law in this circuit that an employment discrimination action against an on-

19  reservation employer based on the employer's compliance with (that is, failure to breach) a

20  tribal lease requiring Indian or tribal preference in employment may not proceed in the

21  absence of the tribe, which is an indispensable party under Rule 19(b), Fed. R. Civ. P.

22  *Dawavendewa,* 276 F.3d at 1161.  The  plaintiff in *Dawavendewa* directly attacked the

23  employer's compliance with the lease-mandated tribal preference.  276 F.3d at 1153.

24         Accordingly, if Willis were suing Bashas' for not hiring him to comply with the

25  Navajo preference clause of its lease, the Nation would be a Rule 19(b) indispensable party

26  that cannot be joined, and this action would have to be dismissed.  The vagueness of the

27  Second Amended Complaint might allow it to be so read, but Willis's brief narrows his claim

28  to plain discrimination on account of him being African-American, unconnected with

1    compliance with the lease preference provision.  He does not challenge Bashas' defense of

2    compliance with its tribal lease, also obligating it to comply with the Navajo Preference in

3    Employment Act.  "Employer could comply quite easily with both NPEA and Title VII . .

4    .. [T]o the extent that Employer's actions exceeded the scope of the NPEA, Employer is liable

5    to Mr. Willis pursuant to Title VII."  (doc. # 26 at 2-3.)  Nothing in *Dawavendewa*

6    immunizes an on-reservation employer from Title VII suit for employment discrimination

7    not under color of preference required by a lease or contract with the tribe.

8        Two clarifications are in order.  First, Willis may intend to argue that Title VII

9    requires Bashas' to employ a non-Navajo rather than hold a position open longer in hopes of

10   recruiting a qualified Navajo to meet its employment preference obligation and goals.  (doc.

11   # 26 at 2-3.)  Bashas' is entitled to the full sweep of its lease obligations as a defense to the

12   Title VII claim.  A crabbed reading of those lease obligations could implicate the interests

13   of the other party to the lease, the Navajo Nation.  But the court may eliminate absentee

14   indispensability "by protective provisions in the judgment, by shaping of relief, or other

15   measures" to lessen or avoid the prejudice.  Rule 19(b), Fed. R. Civ. P. Accordingly, the

16   employment preference clause in the lease will be given its fair import, and both the

17   preference language and the recruitment goals and timetable will be construed to fairly entitle

18   Bashas' to recruit qualified Navajos and to hold positions open to get them.  The court's

19   shaping of relief and permitted issues will eliminate any indispensability concerns if Willis

20   should contend that Bashas' looked too long for a Navajo, rather than rejecting him because

21   he is African-American, as he alleges in the Second Amended Complaint.

22       Second, there is no case or controversy here concerning the lawfulness of the

23   preference given to non-Navajo spouses of Navajos under the Navajo Preference in

24   Employment Act.  Although Willis alleges that Bashas' invited him to come within that

25   preference by marrying his Navajo girlfriend, he did not marry her. (doc. # 32 ¶ 17.)  It is not

26   alleged that the person or persons hired for the positions Willis sought were chosen over him

27   because of that preference.

28

1    In summary, though the Motion to Dismiss (doc. # 21) will be denied, the

2    considerations of indispensability that it raises mark boundaries on what is left of this action.

3    Depending on the evidence, there may be little or nothing left; but the Navajo Nation is not

4    an indispensable party to that residuum.

5    IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (doc. # 21) is

6    denied.

7    DATED this 15th day of May 2006.

8

9

10    _____

11    Neil V. Wake
      United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -