IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Willis, a single man, | No. CV 04-2113-PCT-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Bashas' Inc., an Arizona Corporation, et al., | |
| Defendants. | |

Before the court are Defendant's Motion for Summary Judgment (doc. # 50), the Response (doc. # 53), the Reply (doc. # 56), and the parties' respective Statements of Facts (doc. ## 51 and 54). Plaintiff's Response and Statement of Facts cite only to his unverified complaint and offer no evidence to rebut Defendant's showing of lack of evidence to support a claim of employment discrimination.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the pleadings, depositions, affidavits, answers to interrogatories, and admissions on file show that there is no genuine dispute regarding the material facts of the case and the moving party is entitled to a judgment as a matter of law. *See* Fed. R. Civ. P. 56(c) (2004); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must evaluate a party's motion for summary judgment construing the alleged facts with all

1 reasonable inferences favoring the nonmoving party. *See Baldwin v. Trailer Inns, Inc.*, 266
2 F.3d 1104, 1117 (9th Cir. 2001).

3 The party seeking summary judgment bears the initial burden of informing the
4 Court of the basis for its motion and identifying those portions of the pleadings, depositions,
5 answers to interrogatories, and admissions on file, together with the affidavits, if any, which
6 it believes demonstrate the absence of any genuine issue of material fact. *See Celotex Corp.
7 v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden with
8 a properly supported motion, the party opposing the motion "may not rest upon the mere
9 allegations or denials of his pleading, but ... must set forth specific facts showing that there
10 is a genuine issue for trial." *Anderson*, 477 U.S. at 248. Summary judgment is appropriate
11 against a party who "fails to make a showing sufficient to establish the existence of an
12 element essential to that party's case, and on which that party will bear the burden of proof
13 at trial." *Id.* at 322. *See also Citadel Holding Corp. v. Roven*, 26 F.3d 960, 964 (9th Cir.
14 1994). Although the initial burden is on the movant to show the absence of a genuine issue
15 of material fact, this burden may be discharged by indicating to the Court that there is an
16 absence of evidence to support the nonmoving party's claims. *See Singletary v.
17 Pennsylvania Dep't of Corr.*, 266 F.3d 186, 193 n.2 (3d Cir. 2001).

18 Defendant has demonstrated beyond any evidence to the contrary that Plaintiff
19 was not hired so that Defendant could comply with its lease obligation with the Navajo
20 Nation to give preference in hiring to Navajos. All persons hired to fill any position for
21 which Plaintiff applied were Navajo and thus lawfully entitled to employment preference
22 under 42 U.S.C. § 2000e-2(i) and under the terms of Defendant's Navajo preference. Such
23 lawful discrimination does not violate federal or Arizona law. Though the Navajo Preference
24 in Employment Act and Defendant's lease purport to exclude non-Navajo Indians from the
25 preference and to include non-Indian spouses of Navajos within the preference, neither of
26 which appears to be within the racial discrimination permitted by 42 U.S.C. § 2000e-2(i),
27 neither question arises on the facts of this case. Defendant is entitled summary judgment.
28

1       IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (doc. # 50) is granted.

      IT IS FURTHER ORDERED that the clerk enter judgment in favor of Defendant that Plaintiff take nothing and that the clerk terminate this action.

      DATED this 20th day of July 2006.

_____
Neil V. Wake
United States District Judge